IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**UNITED STATES**                                                                                              **PLAINTIFF**

V.                             No.  2:07-CR-20024-RTD

**OMAR J. LINCOLN**                                                                                         **DEFENDANT**

## AMENDED REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petition, *See ECF No.* 32, filed October 14, 2010, under 28 U.S.C. Section 2255. The Government filed its Response, *See ECF No.* 33, on October 14, 2010. The Defendant filed his Reply and a Motion for Extension of Time to file a Traverse, *See ECF No.* 35, on October 27, 2010.

### I.  Background

On March 27, 2008, Defendant, Omar J. Lincoln, plead guilty to Possession with Intent to Distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) as reflected in count three of the Indictment. *See ECF No.* 17-18. On November 5, 2008, a sentencing hearing was held in which Defendant was sentenced to 120 months imprisonment, five years supervised release, a $2500 fine, and a $100 special assessment. *See ECF No.* 30. On November 6, 2008, the court entered its Judgment and Commitment Order. *See ECF No.*  31. The defendant did not file an appeal from the court's Judgment.

On October 14, 2010, the Defendant filed the current Motion to Vacate under 28 U.S.C. § 2255 contending that the Defendant's sentence "pursuant to 21 U.S.C. § 841(b)(1)(a), is facially unconstitutional pursuant to Congress passing into law the Fairness in Cocaine Sentencing Act of 2010." *See ECF No.* 32, p. 1.

## II. Discussion

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2255.

The Defendant contends that the limitations period should run from the date Congress enacted the Fairness in Cocaine Sentencing Act[1] because that Act provided a substantive change in constitutional law and should be applied retroactively to his case.

The Defendant contends that it "is evident that Congress passing S. 1789 into law that the principle enactment of this constitutional change in the law is not only substantive

---

[1] The Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat. 2372 (2010), which was signed into law by President Obama on August 3, 2010, raised the quantity of crack cocaine that must be distributed from 50 grams to 280 grams.

rather than procedural but that also a correction of the statute and guidelines being made because of its racially discriminatory impact support the invalidation of the 100 to 1 based on the premise of the law being facially unconstitutional." See ECF No. 32, p. 12.

The Defendant contends that Bousley v. US states the proposition that when "Congress or the Supreme Court makes substantive changes to prior law, the constitutional changes are notably retroactive because they imply certain liberties must be 'restored'." *See ECF No.* 32, P. 12-13. Bousley pleaded guilty to "using" a firearm "during and in relation to a drug trafficking crime." While Bousley's appeal was pending, the **Supreme Court held** that a conviction for using a firearm under § 924(c)(1) requires the Government to show "active employment of the firearm," *Bailey v. United States*, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472, not its mere possession, id., at 143, 116 S.Ct., at 505-506.

The court went on to state that the "rule of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334-that new constitutional rules of criminal procedure are generally not applicable to cases that became final before the new rules were announced-does not bar petitioner's claim. There is nothing new about the principle that a plea must be knowing and intelligent; and because Teague by its terms applies only to procedural rules, it is inapplicable to situations where this Court decides the meaning of a criminal statute enacted by Congress." *Bousley v. U.S.* 523 U.S. 614, 614-615, 118 S.Ct. 1604, 1607 (U.S., 1998).

When a **Supreme Court decision** results in a "new rule" of criminal procedure, that rule applies to all criminal cases still pending on direct review, but, as to convictions that are already final, the rule applies only in limited circumstances. See *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004). New substantive rules-which narrow the scope of a criminal statute or which place particular conduct or persons covered by the statute beyond the State's power to punish-generally apply retroactively. See id. at 2522-23. New procedural rules generally do not apply retroactively unless the rule is of "watershed" magnitude implicating "the fundamental fairness and accuracy of the criminal proceeding," or unless the rule prevents the lawmaking authority from criminalizing certain kinds of conduct. See id. at 2523, 542 U.S. 348; *Teague v. Lane*, 489 U.S. 288, 310-11, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (unless exception applies, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before new rules are announced; exceptions are for rules that (1) place conduct beyond power of criminal law-making body to proscribe or (2) are "watershed rules of criminal procedure"); *United States v. Moss*, 252 F.3d 993, 997 & n. 3 (8th Cir.2001), cert. denied, 534 U.S. 1097, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002).

The Defendant is not trying to rely, however, on a new rule of law as a result of a decision by the Supreme Court of the United States but on a change in the law enacted by Congress.

Courts first look to the intent of Congress in determining whether a statutory amendment is retroactive. *See, e.g., Landgraf v. USI Film Prods*, 511 U.S. 244, 280 (1994) ("When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach."). Where, as here, the

amendment affects "substantive rights, liabilities, or duties" and there is no statement from Congress that the amendment affecting should apply retroactively, courts presume it applies only prospectively to future conduct. *Id.* at 278; *see also Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964) ("[T]he first rule of [statutory] construction is that legislation must be considered as addressed to the future, not to the past." (quotation marks omitted)).

This result is confirmed by the well-settled rule that in the absence of contrary Congressional intent, an amendment changing the available punishment for a crime applies prospectively, not retroactively. *See 1 U.S.C. § 109* ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."); *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 661, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974) (collecting cases for the proposition that 1 U.S.C. § 109 "has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense"). *U.S. v. King,* 2010 WL 3490266, 2 (M.D.Fla.) (M.D.Fla.,2010).

The Sixth Circuit has previously held that the "Fair Sentencing Act of 2010 contains no express statement that it is retroactive nor can we infer any such express intent from its plain language." *See U.S. v. Carradine,* 2010 WL 3619799, 5 (C.A.6 (Ohio, 2010)). The Western District of Louisiana (*U.S. v. Steglich,* 2010 WL 3810631, 1 (W.D.Va.) (W.D.Va.,2010)), the Eastern District of Louisiana (*U.S. v. Magee,* 2010 WL 3829349, 1 (E.D.La.) (E.D.La.,2010)),

the Northern District of West Virginia (*Barker v. U.S.*, 2010 WL 3944769, (N.D. W.Va)), and the Middle District of Florida (*U.S. v. King,* 2010 WL 3490266, 2 (M.D.Fla.) (M.D.Fla.,2010)) have also held the Act to not be retroactive.

The Defendant, in his Reply, claims that "whether congress intended its substantive change in the law to apply retroactively, has been addressed by at least one United States District Court" and cites *United States v. Washington*, Civ-10-262-F, (W.D. Oklahoma, 2010). *See ECF No.* 35, p. 4.

The court has looked at the case cited by the Defendant and notes that the criminal case number in the Western District of Oklahoma is 08-250. The court in that case held that the "the defendant's § 2255 motion is timely." *United States v. Washington*, (W.D. Oklahoma, 2010), 5:08-cr-00250-F, Document 51, p.2. It also appears that the court granted an evidentiary hearing on the claim of ineffective assistance of counsel for failure to file an appeal. (Id., p. 3). It does not appear that the defendant referenced case has any relevancy to his claim.

The Fair Sentencing Act of 2010 is clearly not retroactive and the Petitioner's argument is without merit.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DENIED WITHOUT PREJUDICE** to Defendant's filing a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) should Congress act to make the Fairness in Sentencing Act of 2010 retroactive.

The Defendant Motion for Extension of 30 days to file a Traverse is **DENIED**. The defendant has generally denied the government's position and does not need another 30 days to

do so again.

The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in a waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

IT IS SO ORDERED this 28th day of October 2010

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE